UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDALL A. GREEN,

      Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

      Defendant.

CASE NO. C09-5275RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

      This matter comes before the Court upon the Report and Recommendation of Judge J. Richard Creatura, United States Magistrate Judge. Dkt. 17. The Court has considered the Report and Recommendation (Dkt. 17), Defendant's Objections to the Magistrate Judges Report and Recommendation (Dkt. 18), and the file herein.

**FACTS**

      The procedural history and basic facts are related at length in the Report and Recommendation and shall not be repeated here. After the Report and Recommendation was issued, defendant filed objections arguing that the case should not be reversed and remanded because the Administrative Law Judge ("ALJ") properly partially discredited the opinions of Dr. Haynes and Dr. Covell and gave clear and convincing reasons for not fully crediting their opinions. Dkt. 18.

**STANDARD**

      This Court may set aside the Commissioner's denial of social security benefits when the ALJ's

ORDER
Page - 1

findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Fife v. Heckler*, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla of evidence, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Carr v. Sullivan*, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

## DISCUSSION

The ALJ is entitled to resolve conflicts in medical evidence. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). The ALJ may not, however, substitute his or her opinion for that of qualified medical experts. *Walden v. Schweiker*, 672 F.2d 835, 839 (11th Cir. 1982). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss all evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *See e.g., Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004). An examining physician's opinion is "entitled to greater weight than the opinion of a non-examining physician." *Lester*, 81 F.3d 830-31. An examining physician's opinion may constitute substantial evidence if "it is consistent with other independent

evidence in the record." *Id.*

### 1. Dr. Haynes

Defendant argues that the ALJ properly discounted Dr. Haynes' opinions because the ALJ found that (1) Dr. Haynes' narrative opinions partially conflicted with the record, (2) Dr. Haynes' opinions were based on a "brief mental status examination" that the plaintiff "was not particularly impaired" (*see* Dkt. 18), and (3) Dr. Haynes' opinions were largely based on the plaintiff's non-credible self-reporting of subjective complaints. Dkt. 18. Judge Creatura found that the ALJ erroneously evaluated Dr. Haynes' opinions in several respects. *See* Dkt. 17. First, the ALJ incorrectly concluded that Dr. Haynes provided only a "paucity of narrative support" in her narrative opinions. *Id.* In addition to Dr. Haynes' detailed narration, Judge Creatura points out that Dr. Haynes was one of the only treating physicians of record, and Dr. Haynes provided psychological counseling and treatment to the plaintiff. *Id.* Thus, the ALJ also erred when he noted that the plaintiff had not obtained any psychiatric therapy, and the ALJ further erred when he discredited Dr. Haynes' "check-box" and narrative opinions while giving "fairly substantial weight" to the DDS "check-box" forms. *Id.* Therefore, Judge Creatura properly concluded that the ALJ did not provide proper reasons for partially discrediting Dr. Haynes' opinions.

### 2. Dr. Covell

Defendant also argues that the ALJ properly discounted Dr. Covell's opinions, regardless of whether the ALJ considered Dr. Covell's opinions out of order, because the ALJ found that (1) Dr. Covell's opinions were contrary to objective psychological testing, and (2) Dr. Covell's opinions were a "bit speculative." Dkt. 18. Judge Creatura found that the ALJ erroneously evaluated the reports of Dr. Covell in the wrong chronological order. Dkt. 17. Judge Creatura explained that this error caused the ALJ to believe that Dr. Covell first reported that the plaintiff had a global functioning level indicating disability (GAF of 41-50) and then that Dr. Covell made a later statement that plaintiff had no difficulty with simple decision and a moderate limitation in more complex decisions. *Id.* In fact, Dr. Covell had made her statements in converse order - first she reviewed the plaintiff's medical records and made the latter statements, and then after conducting a thorough mental exam she opined in a detailed report that the plaintiff had a GAF of 41-50. *See id.* Therefore, Judge Creatura properly concluded that the ALJ did not provide proper reasons for partially discrediting Dr. Covell's opinions.

Accordingly, Judge Creatura properly concluded that since the treating physicians' forms were at least as persuasive, and clearly more detailed, than the reviewing physicians', this matter should be returned to the ALJ for more substantive analysis that gives the proper deference to treating physicians' opinions over reviewing physicians' opinions.

## **ORDER**

Accordingly, it is hereby **ORDERED** that:

(1) The Court **ADOPTS** the Report and Recommendation;

(2) The administrative decision is **REVERSED AND REMANDED;** and

(3) The Clerk is directed to send copies of this Order to Plaintiff" counsel, Defendant's counsel and Magistrate Judge J. Richard Creatura.

DATED this 9th day of March, 2010.

_____
Robert J Bryan
United States District Judge