UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL A. GREEN, | CASE NO.  C09-5275RJB |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | Noted for June 25, 2010 |
| Defendant. | |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of  H.E.W. v. Weber, 423 U.S. 261 (1976).

This matter is before the court upon plaintiff's motion for an award of fees and costs (Doc. 21) and defendant's opposition thereto.  The matter has been briefed, and after reviewing the record, the undersigned recommends that the court grant plaintiff's motion, albeit in a reduced amount.

//

//

REPORT AND RECOMMENDATION - 1

# INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff, Randall Green, filed an application for supplemental security income disability benefits on November 1, 2005. After the social security administration denied the application, plaintiff sought judicial review. On February 1, 2010, the undersigned reviewed the matter and recommended remand to the administration for further review. On March 9, 2010, the Honorable Robert J. Bryan adopted the recommendation.

As the prevailing party, plaintiff seeks an award of attorney's fees and costs pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). Specifically, plaintiff is seeking reimbursement of costs equal to $36.94 and attorney's fees equal to $8,443.75. After reviewing the matter, the undersigned finds an award of certain fees and costs is justified. The motion should be granted, but in a reduced amount, based on the statutory rate of $125.00 per hour.

# DISCUSSION

The EAJA provides, in relevant part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . .

28 U.S.C. § 2412(d)(1)(B). In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded. Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993); Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir.1998).

REPORT AND RECOMMENDATION - 2

The court, in its discretion, may reduce the amount to be awarded, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy. 28 U.S.C. §2412(d)(1)(C). Attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. §2412(d)(2)(A).

Here, plaintiff prevailed in this matter and the matter is being remanded to the administration for further proceedings. There is no question in this court's analysis that plaintiff is the prevailing party and entitled to an award of EAJA fees. The only question is the amount of fees. Plaintiff is seeking $8,443.75 in attorney's fees for 62.55 hours of work based on a requested rate of $135.00 per hour.

After reviewing the time sheet attached to the motion, this court finds that the amount of time spent on reviewing and preparing documents in this matter was not unreasonable. However, plaintiff requests compensation at a rate of $135.00 per hour, in excess of the $125.00 per hour statutory limit. Significantly, plaintiff does not argue or provide any basis for the court to find that an increase in the cost of living or any special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. The fee request should be limited to the $125.00 per hour statutory limit.

Accordingly, the court will recommend an award of EAJA fees, but at the reduced $125 hourly rate. Plaintiff should be award $7,812.50 in attorney's fees plus costs and expenses equal to $36.94.

//

REPORT AND RECOMMENDATION - 3

**CONCLUSION**

Based on the foregoing discussion, the Court should GRANT plaintiff's motion for attorney fees and award plaintiff the total sum of $7,849.44.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 25, 2010, as noted in the caption.

DATED this 24th day of May, 2010.

*[signature]*

J. Richard Creatura
United States Magistrate Judge